1
2
3
4          **IN THE UNITED STATES DISTRICT COURT**

5          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7   UNITED STATES OF AMERICA,                    CASE NO. CR F 11-00017 LJO

8                    Plaintiff,
                                                 **ORDER REGARDING PENDING**
9                                                **PRETRIAL MOTIONS**

10         vs.

11  JORGE LUIS CARDEN REYNA

12                   Defendant.
                                          /
13  _____

14         The Court has begun its review of the motions that have been filed in anticipation of the

15  September 10, 2012 scheduled hearing.

16         1.   With regard to the Defendant's supplemental motion in limine VI (i.e. to preclude the

17  Government from being able to admit intercepted or recorded communications unless a

18  foundation for admissibility is established), counsel are ORDERED to meet and confer on this

19  motion.

20                   a.  It does not appear to be a difficult matter, albeit time consuming.

21                   Counsel should be able to work this foundational matter out

22                   between themselves and not involve the Court.

23                   b.  Counsel are reminded that there will not be jury delays once the

24                   trial has begun.  Jury delays includes having the jury wait in the

25                   jury room while legal matters are argued---matters that should

26                   have, and could have been worked out between counsel with

27                   the expected efforts of Officers of this Court.

28

2.  In March of this year, some 5 months ago, this Court spent a considerable amount of time reading and researching, and then ruling on the Defendant's motion to suppress the federal wiretap (10-SW-257) issued on October 18, 2010.  Now, in a not-so-disguised Motion in Limine, the Court is faced with the Defendant's new motion to suppress the very same federal wiretap.  The Court declines the defendant's invitation to allow the second motion to suppress the same search warrant to be heard and/or considered.  There is nothing in the instant (second) motion that couldn't have been, and/or shouldn't have been included in the original motion.  The motion is DENIED, and oral argument will not be permitted on this now ruled-upon motion.

IT IS SO ORDERED.

**Dated:**    **August 30, 2012**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE